## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Farnam Street Financial, Inc., a Minnesota corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Safe & Green Holdings Corp., a Delaware corporation, SG Environmental Solutions Corp., a Delaware corporation, and SG Echo, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants. | Case No. 24-cv-3249 KMM/TNL<br><br><br>**ORDER FOR ENTRY OF JUDGMENT PURSUANT TO CONFESSION OF JUDGMENT** |

Before the Court is Plaintiff's Motion for Entry of Judgment Pursuant to Confession of Judgment. ECF 8. Defendants have filed no response, in opposition or otherwise, to this motion. A hearing was held on October 28, 2024, in which counsel for Plaintiff appeared, but no appearance was made by Defendant or by any representative of Defendant. *See* ECF 16 (H'rng Minute Entry). Based on the representations of Plaintiff's counsel during the hearing about his recent communications with counsel for Defendant and on the service documents filed by Plaintiff (*see* ECF 15), the Court is satisfied that Defendant is aware of the pending motion for entry of judgment, was aware of the October 28 hearing, and has elected to take no position on Plaintiff's request. Therefore, the Court, having duly considered Plaintiff's uncontested submissions, now makes the following:

## FINDINGS OF FACT

### A.    Parties and Jurisdiction

1.    Farnam Street Financial, Inc. ("Farnam Street") is a Minnesota corporation with its corporate headquarters and principal place of business located in Minnetonka, Minnesota. (Morgan Decl. ¶ 2).

2.    Safe & Green Holdings Corp. ("Holdings") is a Delaware corporation with its principal place of business located in Florida. (Ashfield Decl. ¶ 3, Ex. A.)).

3.    SG Environmental Solutions Corp. ("S&G"), a wholly-owned subsidiary of Holdings, is a Delaware corporation with its principal place of business located in Florida. Based on the citizenship of its sole member—Holdings—S&G is a citizen of Delaware and Florida. (Ashfield Decl. ¶ 5, Ex. C ("Settlement Agreement") at p.1)

4.    SG Echo, LLC ("SG Echo"), a wholly-owned subsidiary of Holdings, is a Delaware limited liability company.  Based on the citizenship of its sole member—Holdings—SG Echo is a citizen of Delaware and Florida. *(Id.)*

5.    The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1) based upon the complete diversity of citizenship between the parties and the fact that the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

6.    The Court has personal jurisdiction over Holdings, S&G and SG Echo based upon the terms of the Confession of Judgment at issue in this case. (*See* Ashfield Decl. ¶ 4, Ex. B ("Confession") at ¶ 10.).

7.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and the

terms of the Confession of Judgment at issue in this case. (*Id.*)

8.     In October 2021, S&G, formerly known as SG Blocks, Inc., and Farnam Street entered into that certain Lease Agreement identified by number SGI01321 (the "Lease Agreement").  (Confession ¶ 1.)

9.     In connection with the Lease Agreement, S&G and Farnam Street entered into Lease Schedule 001 ("Schedule 1").  *(Id.)*

10.     S&G accepted and installed $1,556,163.00 worth of equipment pursuant to the Lease Agreement and Schedule 1.

11.     On October 17, 2023, Farnam Street commenced an action against S&G in the United States District Court for the District of Minnesota to collect the amounts due under the Lease Agreement and Schedule 1.[1]

12.     In July 2024 and in an effort to resolve the litigation and allow the Defendants to continue using the Equipment, Farnam Street and the Defendants entered into a Settlement Agreement. Under paragraph 3 of the Settlement Agreement, S&G agreed to pay Farnam Street as follows:

> i.   Pay $167,056.00 to Farnam Street as a security deposit for the leasing transaction described in the Settlement Agreement (the "Deposit"), on or before August 1, 2024; and
>
> ii.  Make the required monthly lease payments in the amount of $65,880.95 (plus applicable taxes), starting on August 1, 2024.

13.     Holdings and SG Echo guaranteed all obligations of S&G. (Settlement Agreement ¶ 4.)

---

[1] *See* Case No. 23-CV-3212.

14.    To secure the payments due under the Settlement Agreement, the Defendants executed and delivered to Farnam Street the Confession.  (*Id.* at ¶ 8.)

15.    Pursuant to the Confession, the Defendants agreed that if they failed to make a Deposit or any monthly lease payment when due, any attorney designated by Farnam Street could appear in person or by affidavit on behalf of Farnam Street in the United States District Court of Minnesota to confess judgment against Defendants, jointly and severally, and in favor of Farnam Street for the "Judgment Amount" of $2,000,000 as reduced by any payments made after execution of the Settlement Agreement. (Confession ¶ 8.)

16.     The Defendants further agreed that Minnesota courts would have personal jurisdiction over them and the authority to enter judgment pursuant to the Confession. Finally, the Defendants agreed that they would not be entitled to any right to notice, hearing or opportunity to protest prior to the entry of judgment pursuant to the Confession of Judgment. (*Id.* at ¶ 9.)

17.    The Defendants were represented by legal counsel, Cory Barnwell of Barnwell Law Group, P.C. and Shawn M. Perry of Perry & Perry, PLLP, in connection with the prior litigation, as well as the negotiation and execution of the Settlement Agreement and Confession. (Ashfield Decl. ¶ 6.)

**B.    Default**

18.    The Defendants have not made any payments to Farnam Street after execution of the Settlement Agreement, including the Deposit or the monthly lease payments due on or before August 1, 2024 and September 1, 2024.  (Morgan Decl. ¶ 3.)

19.    Farnam Street provided written notice of Default for failure to pay the Deposit and monthly lease payment due on or before August 1, 2024. (Ashfield Decl. ¶ 7, Ex. D.)

20.    The Defendants agreed that the amount of the judgment to be entered against them under the Confession upon default would be in the amount of $2,000,000.00, less any payments received after execution of the Settlement Agreement.  (Confession at p. 1, ¶ 7.)

21.    Based upon the foregoing, the amount due under the Confession remains $2,000,000.00.

## CONCLUSIONS OF LAW

1.    Confessions of judgment are valid and enforceable under Minnesota law if they are evidenced by a written statement signed and verified by the obligor showing that the confessed amount is justly due and owing to the holder. Minn. Stat. § 548.22.

2.    A federal court has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made. *D.H. Overmyer Co., Inc. v. Frick Co.,* 405 U.S. 174, 186 (1972); *Orlando Residence, Ltd. v. Nelson*, 565 Fed. App'x 212, 222 (4th Cir. 2014) ("Federal courts have the power to enter confession judgments, as has been recognized by courts time and again"); *National Leasing Corp. v. Williams*, 80

F.R.D. 416, 418 (W.D. Pa. 1978)("There is no legal prohibition against entering judgment by confession in a court of the United States, if federal jurisdiction exists"); 28 U.S.C. § 1874 ("In all actions to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty, wherein the forfeiture, breach, or nonperformance appears by default or confession of the defendant, the court shall render judgment for the plaintiff for such amount as is due").

3.    The Court has subject-matter jurisdiction over this case under 28 U.S.C. §1332(a).

4.    The Court has personal jurisdiction over the Defendants under the terms of the Confession. *See Orlando Residence*, 565 Fed. App'x at 222-23 (district court may exercise personal jurisdiction over obligors based upon terms of confession of judgment); *Alland v. Consumers Credit Corp.,* 476 F.2d 951, 954 (2d Cir. 1973) (same).

5.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and the terms of the Confession.

6.    The Confession was signed and verified by the Defendants and shows that the confessed amount is justly due and owing to Farnam Street. (Confession ¶ 9.) The Defendants were represented by legal counsel in connection with the negotiation and execution of the Settlement Agreement and Confession of Judgment and entered into the Confession knowingly, voluntarily and intelligently. (Ashfield Decl. ¶ 6.)

7.    Farnam Street is entitled to entry of judgment against the Defendants based upon the Confession in the amount of $2,000,000.00.

## ORDER FOR JUDGMENT

Based upon the foregoing,

**IT IS HEREBY ORDERED:**

1.      That Farnam Street Financial Inc.'s Motion for Entry of Judgment Pursuant to Confession of Judgment is **GRANTED;** and

2.      That the Clerk of Court shall forthwith enter a money judgment in favor of Farnam Street and against the Defendants, jointly and severally, in the amount of $2,000,000.00.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date: October 30, 2024                    *s/ Katherine Menendez*
                                          _____
                                          Katherine Menendez
                                          United States District Judge